UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

RASHARD ARMSTRONG,

    Plaintiff,

v.

CASE NUMBER:
HONORABLE:

CITY OF KALAMAZOO, JACOB JORDAN, LUIS ARAUJO, in their individual and official capacities.

    Defendants.

_____/

CHRISTOPHER TRAINOR & ASSOCIATES
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
KRYSTINA R. DOSS (P77365)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com
krystina.doss@cjtrainor.com

_____/

THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT

**COMPLAINT AND JURY DEMAND**

    **NOW COMES** Plaintiff, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for his Complaint against the above-named Defendants states as follows:

1.    Plaintiff is a resident of the City of Kalamazoo, County of Kalamazoo, State of Michigan.

2.    Defendant City of Kalamazoo is a municipal corporation and governmental subdivision organized and existing under the laws of the State of Michigan.

3.    Defendant Jacob Jordan is and/or was a police officer employed by Defendant City of

1

Kalamazoo Public Safety at all times mentioned herein, and was acting under color of law, in his individual and official capacities, and within the course and scope of his employment at all times mentioned herein.

4.  Defendant Luis Araujo is and/or was a police officer employed by Defendant City of Kalamazoo Public Safety at all times mentioned herein, and was acting under color of law, in his individual and official capacities, and within the course and scope of his employment at all times mentioned herein.

5.  All relevant events giving rise to this lawsuit occurred in the City of Kalamazoo, County of Kalamazoo, State of Michigan.

6.  Jurisdiction is vested in this Court pursuant to 28 U.S.C § 1331 [federal question], 28 U.S.C. § 1343 [civil rights].

7.  This lawsuit arises out of Defendants' violation of Plaintiff's federal constitutional rights as secured by the Fourth Amendment of the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. § 1983.

8.  That the amount in controversy exceeds Seventy-Five-Thousand Dollars ($75,000.00) not including interest, costs, and attorney fees.

## **FACTS**

9.  Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

10. On or about March 2, 2024, Plaintiff was driving an automobile in the City of Kalamazoo, with passengers in the car with him.

11.     At approximately 10:58 p.m., Defendant Jacob Jordan initiated a traffic stop of the vehicle Plaintiff was driving in the area of Michigan Avenue and Mills Street, in the City of Kalamazoo, for an alleged minor and non-violent driving infraction.

12.     Defendant Jordan approached Plaintiff's vehicle, and he asked if Plaintiff knew why he was being pulled over, to which Plaintiff responded in the negative.

13.     Plaintiff then gave Defendant Jordan his driver's license and registration as was requested of him, and then Defendant Jordan went to his vehicle while Plaintiff remained calmly seated in the car.

14.     Eventually, Defendant Jordan came back to Plaintiff while Plaintiff remained in the vehicle with his hands visible.

15.     Defendant Jordan asked Plaintiff to exit his vehicle.

16.     Plaintiff proceeded to get out of the vehicle as requested, and he had his hands in the air.

17.     Despite Plaintiff not resisting, Defendant Jordan forcefully pushed the front of Plaintiff's body against the vehicle for no justifiable reason.

18.     Despite Plaintiff's non-resistance, Defendant Jordan forcefully grabbed, pulled, and twisted unnaturally on Plaintiff's left arm with significant pressure and forcefully pulled it behind Plaintiff's back; so much so that Plaintiff thought that his arm was going to break.

19.     The excessive and unreasonable force used by Defendant Jordan against Plaintiff, caused Plaintiff to sustain a subluxation of the left elbow, which required emergency medical attention; in fact, Plaintiff was taken to the hospital from the scene.

20.     Defendants Jordan and Araujo arrested Plaintiff for resisting and obstructing and/or attempted resisting and obstructing, despite there not being any probable cause to support such a charge; because Plaintiff did not resist and/or obstruct.

21. The criminal case against Plaintiff was assigned to Judge Richard A. Santoni of the 8th District Court.

22. On May 24, 2024, the criminal case was dismissed on the motion of the Court with prejudice.

23. As a direct and proximate cause of Defendants' unreasonable and/or unlawful actions and/or inactions, Plaintiff suffered significant injuries and damages.

**COUNT I**
**VIOLATION OF THE FOURTH AMENDMENT**
**42 U.S.C. § 1983 EXCESSIVE FORCE AS TO DEFENDANT JORDAN**

24. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

25. At all relevant times mentioned herein, Defendant Jordan acted under color of law, within the course and scope of their employment, and in his individual and official capacities.

26. The Fourth Amendment to the United States Constitution establishes that Plaintiff has the right to be free from unreasonable searches and seizures, as well as the right to be free from unreasonable uses of force.

27. Defendant Jordan violated Plaintiff's clearly established and federally protected rights as set forth under the United States Constitution and the Amendments thereto, including but not limited to the Fourth Amendment to the United States Constitution which guarantees the right to be free from unreasonable searches and seizures, including but not limited to the right to be free from excessive or unreasonable uses of force.

28. The actions and/or inactions of Defendant Jordan were at all times objectively unreasonable and in violation of Plaintiff's clearly established rights under the Fourth Amendment

4

to the United States Constitution; and which proximately resulted in injuries and damages to Plaintiff.

29. Defendant Jordan is not entitled to qualified immunity because he violated Plaintiff's clearly established Fourth Amendment rights as referenced herein.

30. At the time of the incident complained of, Plaintiff did not pose a threat to Defendant Jordan or anyone else, nor was Plaintiff attempting to flee or otherwise resist arrest.

31. As a proximate result of the violations and/or deprivations of Plaintiff's constitutional rights committed by Defendant Jordan, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) not including interest, attorney fees, and costs.

## COUNT II
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. §1983 FALSE ARREST AS TO DEFENDANTS JORDAN AND ARAUJO

32. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

33. That the Fourth Amendment to the United States Constitution establishes that Plaintiff has the right to be free from the deprivation of life, liberty, and bodily security without due process of law and to be free form unreasonable searches and seizures.

34. At all material times, Defendants Jordan and Araujo were acting under color of law and unreasonably when they violated Plaintiff's well-established Fourth Amendment rights by falsely

arresting Plaintiff for resisting and obstructing and/or attempted resisting and obstructing; the charges which were ultimately dismissed with prejudice.

35. The actions and/or inactions of Defendants Jordan and Araujo were at all times objectively unreasonable and otherwise in violation of Plaintiff's clearly established rights under the Fourth Amendment to the United States Constitution; and which proximately resulted in injuries and damages to Plaintiff.

36. Defendants Jordan and Araujo are not entitled to qualified immunity because they violated Plaintiff's clearly established Fourth Amendment rights as referenced herein.

37. As a proximate result of the violations and/or deprivations of Plaintiff's constitutional rights committed by Defendants Jordan and Araujo, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) not including interest, attorney fees, and costs.

## COUNT III
## CITY OF KALAMAZOO'S CONSTITUTIONAL VIOLATIONS

38. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

39. Defendant City of Kalamazoo acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs, policies, and/or practices that resulted in constitutional violations to Plaintiff.

40. These customs, policies, and/or practices included but were not limited to the following:

  a. Failing to train and/or supervise its police officers so as to prevent violations of citizens' constitutional rights;

  b. Failing to adequately train and/or supervise its police officers regarding the proper uses of force;

  c. Failing to adequately train and/or supervise its police officers regarding lawful detainment of citizens;

  d. Failing to adequately train and/or supervise its police officers regarding reasonable seizures;

  e. Failing to adequately train and/or supervise its police officers regarding probable cause and the lawful effectuating of arrests; and

  f. Failing to supervise, review, and/or discipline its police officers whom Defendant City of Kalamazoo knew or should have known were violating or were prone to violating citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in such conduct.

41. Defendant City of Kalamazoo's conduct demonstrated a substantial lack of concern for whether an injury resulted.

42. Defendant City of Kalamazoo's acts and/or indifference and/or omissions were the direct and proximate cause of Plaintiff's injuries and damages.

43. The facts set forth in the preceding paragraphs constitute a violation of Plaintiff's Fourth Amendment rights pursuant to 42 U.S.C. § 1983, and Plaintiff has a viable claim for compensatory and punitive damages plus interest, costs, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) not including interest, attorney fees, and costs.

Respectfully Submitted,

CHRISTOPHER TRAINOR & ASSOCIATES

**/s/ Shawn C. Cabot**
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
KRYSTINA R. DOSS (P77365)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com

Dated:  July 16, 2025
SCC/

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

RASHARD ARMSTRONG,

    Plaintiff,

v.     CASE NUMBER:
       HONORABLE:

CITY OF KALAMAZOO, JACOB JORDAN,
LUIS ARAUJO, in their individual and official
capacities.

    Defendants.
_____/

CHRISTOPHER TRAINOR & ASSOCIATES
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
KRYSTINA R. DOSS (P77365)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com
krystina.doss@cjtrainor.com

_____/

**<u>DEMAND FOR TRIAL BY JURY</u>**

**NOW COMES** Plaintiff, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and here by makes a Demand for Trial by Jury in the above-captioned matter.

Respectfully Submitted,

CHRISTOPHER TRAINOR & ASSOCIATES

**/s/ Shawn C. Cabot**
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
KRYSTINA R. DOSS (P77365)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com

Dated:  July 16, 2025